113 F.3d 1241
 10 NDLR P 64
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rick FREEMAN, Plaintiff-Appellant,
v.
CITY OF INGLEWOOD; Oliver M. Thompson, Paul Eckles, Robert
Wilson, Defendants-Appellees.
 No. 96-55270.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided May 16, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-02815-R; Manuel L. Real, District Judge, Presiding.
 C.D.Cal.
 REVERSED.
 Before: MAGILL,* RYMER, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rick Freeman appeals an adverse judgment on his claim under the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., that he was terminated because of his disability of post-traumatic stress syndrome. We have jurisdiction, 28 U.S.C. § 1291, and we reverse.
 
 
 3
 At the pretrial conference, the district court asked for briefing on the issue "whether, as a matter of fact, a so-called post-traumatic stress disorder is a disability within the ADA, which is also a question of law." After briefing on the legal issue by both parties, the court ruled that "[t]here is a pending motion to dismiss, and I think from the pleadings and documents that that motion to dismiss is treated as a motion for summary judgment. The summary judgment is granted to the defendant. I don't think the plaintiff makes out an ADA defense, since there is no indication that he could not perform other duties other than the one in which he was terminated."
 
 
 4
 In fact there was no Rule 12(b)(6), or Rule 56, motion pending. Nor did the court indicate that it had in mind ruling on the merits of Freeman's claim; rather, the court said in its request for further briefing that the issue "has not been covered in the contentions." In Portsmouth Square Inc. v. Shareholders Protective Committee, 770 F.2d 866, 869 (9th Cir.1985), we recognized that the district court has limited authority to grant summary judgment sua sponte in the context of a final pretrial conference, but only where the party against whom it is entered has had notice that the sufficiency of his claim will be at stake and has had a full and fair opportunity to present facts (and legal arguments) in support of his position. Here, the pretrial conference papers did not disclose that no material facts were in dispute on the point. As there was no notice that a summary judgment was contemplated, and no factual record was developed upon which the court could determine whether post-traumatic stress disorder was a disability that kept Freeman from working, the judgment in Inglewood's favor cannot stand.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Frank J. Magill, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3